ANDREW COSTIGAN *vs.* MARY COSTIGAN.

PROVIDENCE—MAY 20, 1898.

PRESENT: Stiness, Tillinghast and Rogers, JJ.

Generally, a mortgagee is entitled to costs on a bill to redeem ; but in case of improper conduct on his part, and of his denial of the right to redeem, costs are not awarded to him.

This rule is applicable to parties to a suit whose relation to each other is practically that of mortgagor and mortgagee.

BILLS IN EQUITY to establish a trust, and for a conveyance. The first bill alleged that the complainant transferred to the respondent the estate described for the purpose of its better care, &c., and with an agreement to reconvey the title upon request. The answer averred that the transfer was made as security for an indebtedness. In this suit the court filed the following

RESCRIPT.

" The court is of opinion, from the answer and the declaration of trust, that the respondent holds the title to the land conveyed to her by the complainant as security for money due for services. The court finds that the sum so due is $250. Upon payment of said sum the complainant is entiled to a reconveyance."

The second bill sets forth that the complainant purchased and paid for a strip of land; that the deed was taken in the name of his wife, afterwards deceased, and that the respondent claimed to own the same as her sole heir; the answer denied the alleged manner of purchasing and paying for the land. The questions raised were decided in the following

### RESCRIPT.

"The court is of opinion that the strip of land five feet wide, the title to which was taken in the name of Margaret Costigan, the wife of the complainant, now deceased, was bought by him with his money; that there could have been no intention that said strip should be held as a separate estate, but that it was bought as an addition to his adjoining estate and to go with it in use and ownership. The respondent, therefore, holds said estate as trustee for the complainant, owner of said adjoining lot, and he is entitled to conveyance to him as prayed."

The further hearing of the matter, as to the form of decree and on the question of costs, resulted in the following

### OPINION.

PER CURIAM. The court is of opinion that no costs should be awarded to either party; for this reason:

. The relation of the parties was practically that of mortgagor and mortgagee.

While, as a general rule, a mortgagee is entitled to costs on a bill to redeem, yet in cases of improper conduct on his part, *Bowen* v. *Atwood*, 10 R. I. 302, and of his denial of a right to redeem, *Sessions* v. *Richmond*, 1 R. I. 298, costs are not awarded to him. The principal case is of the latter character. The defence was that of absolute ownership. There were two cases, because there were two deeds of separate estates, but they were substantially one estate and the decision in the second case was upon that fact.

The respondent held the title as a security for debt; and

both parties denied this fact, in the face of the plain provisions of the declaration of trust.

The decrees submitted, without costs, are ordered to be entered.

*Charles A. Wilson and Thomas A. Jenckes*, for complainant.

*John C. Quinn*, for respondent.